UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIE SINGLETON,

                         Plaintiff,

     -against-

WILLIAM A. LEE et al.,

                        Defendants.

No. 11 Civ. 7315 (LTS)(HBP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 2 6 2012

MEMORANDUM ORDER

Pro se Plaintiff Willie Singleton ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against several New York State Department of Corrections and Community Supervision ("DOCCS") employees ("Defendants") assigned to the DOCCS Green Haven Correctional Facility ("Green Haven"), alleging Eighth Amendment and due process violations. Defendants have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint for failure to state a claim upon which relief can be granted. The Court has jurisdiction of Plaintiff's claim under 28 U.S.C. § 1331. The Court has considered all of the parties' submissions thoroughly. For the following reasons, the Defendants' motion is granted.

BACKGROUND

        The following facts alleged in the Complaint are taken as true for the purposes of this motion practice. Plaintiff was an inmate at Green Haven at all times relevant to this dispute. For reasons not specified in the Complaint, Plaintiff had been placed on the "diet-A-program" by Defendant Dr. H. Chakarvorty ("Chakarvorty"). On April 17, 2011, Plaintiff's "diet-A-program" card was confiscated after he took a general population diet tray. (Compl. ¶ i.) On May 10, 2011,

Copies mailed/faxed to *Mr Singleton*
Chambers of Judge Swain    *10-26-2012*

Plaintiff received a letter from the food administrator warning him that if he violated the terms of the "diet-A-program," his card would be confiscated permanently.  (Id. ¶ ii.)  Plaintiff was then re-issued his diet program card.  On or about May 15, 2011, the head cook, Lori Badger ("Badger"), again took away Plaintiff's diet program card.  (Id. ¶ v.)  Plaintiff does not recount what reason, if any, was given for this confiscation.

On June 16, 2011, Plaintiff made a written request to Chakravorty to be examined and re-instated into the "diet-A-program"; Chakravorty did not respond to that request.  (Id. ¶ vii.)  On July 20, 2011, another doctor examined Plaintiff for "severe stomach pain" and prescribed him heartburn medication.  Plaintiff asserts a "belief" in the Complaint that there is some connection between his being removed from the "diet-A-program" and his stomach pain.  (Id. ¶ vi.)  Plaintiff alleges that, by ignoring his requests for an examination, Chakravotry was deliberately indifference to his serious medical needs.  (Id. ¶ xi.)  He also alleges that Badger violated his Eighth and Fourteenth Amendment rights by arbitrarily removing Plaintiff from the "diet-A-program."  (Id.)

## DISCUSSION

In deciding a Rule 12(b)(6) motion, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.  In the case of a pro se litigant, the Court reads pleadings

leniently and construes them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). However, the pleadings must still contain factual allegations that raise a "right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555).

Plaintiff's Eighth Amendment Claim

In order to establish an Eighth Amendment claim arising out of the provision of inadequate medical care, a prisoner must show "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The standard of deliberate indifference includes both an objective and subjective component. First, "the deprivation alleged by the prisoner must be in objective terms 'sufficiently serious' such that the deprivation 'den[ied] the minimal civilized measure of life's necessities.'" Branham v. Meachum, 77 F.3d 626, 630-31 (2d Cir. 1996) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the defendants "must have acted with deliberate indifference in that they 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Id. (quoting Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)). To satisfy the subjective prong, a plaintiff must do more than simply plead that medical or prison personnel acted negligently. See Estelle, 429 U.S. at 105-06 ("inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference"). Rather, a plaintiff must plead that the defendant acted with a state of mind akin to criminal recklessness. Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).

While Plaintiff's allegation that he suffered extreme stomach pain may suffice at this stage to meet the objective prong, see, e.g., Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (allegation of "chronic and substantial pain" sufficient to establish objective seriousness), Plaintiff has not alleged any facts that support the inference that Defendants acted with the requisite

culpable state of mind.  Plaintiff admits that he was examined by a doctor and prescribed

medication for his stomach pain within a few weeks of requesting an examination.  While Plaintiff

is clearly of the opinion that the doctors erred by not re-instating him on the "diet-A-program,"

"[i]t is well-established that mere disagreement over the proper treatment does not create a

constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might

prefer a different treatment does not give rise to an Eighth Amendment violation."  Chance v.

Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

   Accordingly, Plaintiff's Eighth Amendment claim is dismissed.

Plaintiff's Due Process Claim

   To establish a due process claim, plaintiff must show that "(1) that he possessed a

liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient

process."  Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001) (internal quotation marks omitted).

The Court need not decide whether Plaintiff had a protected liberty interest in the "diet-A-

program," because his claim falters on the second prong.  Plaintiff attached documents to the

original complaint showing that he grieved the loss of his diet card, that he appealed the adverse

ruling, and that a hearing was held on the appeal.  (See Ex. 1-4, attached to Original Complaint);

Thayer v. Dial Indus. Sales, Inc., 85 F. Supp. 2d 263, 268 (S.D.N.Y.2000) (courts may consider

documents attached to complaint on a motion to dismiss); Sulton v. Wright, 65 F. Supp. 2d 292,

295 (S.D.N.Y. 2003) ("Admissions in earlier complaints remain binding when a plaintiff files

subsequent pleadings.").  While Plaintiff disagrees with the conclusion of the proceedings, he has

not identified any deficiency in the process he received.  Accordingly, Plaintiff's due process

claims are dismissed.

CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss the Complaint is granted. The Clerk of Court is directed to enter judgment in Defendants' favor and close this case. This Memorandum Order resolves docket entry no. 15.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       October 26, 2012

LAURA TAYLOR SWAIN
United States District Judge